# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHERRY WILKS,

    Plaintiff

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security Administration,

    Defendant

Case No.: 3:23-cv-00289-LRH -CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 16, 20

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Reversal and Remand. (ECF No. 16.) The Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's motion. (ECF Nos. 20, 21.) Plaintiff filed a reply brief. (ECF No. 22.)

After a thorough review, it is recommended that Plaintiff's motion be denied and that the Acting Commissioner's cross-motion to affirm be granted.

## I. BACKGROUND

In September 2019, Plaintiff completed an application for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning on February 28, 2018. (Administrative Record (AR) 147-155.) The application was denied initially and on reconsideration. (AR 79-82, 87-88.)

1    Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 90.) ALJ

2 Christopher Daniels held a hearing on June 28, 2022. (AR 32-47.) Plaintiff, who was represented

3 by counsel, appeared and testified on her own behalf at the hearing. On July 19, 2022 , the ALJ

4 issued a decision finding Plaintiff not disabled. (AR. 12-26.) Plaintiff requested review, and the

5 Appeals Council denied the request, making the ALJ's decision the final decision of the

6 Commissioner. (AR 1-9.)

7    Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g).

8 Plaintiff argues: (1) the ALJ failed to explain his rejection of persuasive medical opinion

9 evidence; and (2) the ALJ failed to classify the impact of Plaintiff's headache impairment.

**II. STANDARDS**

**A. Five-Step Evaluation of Disability**

12    Under the Social Security Act, "disability" is the inability to engage "in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or which has lasted or can be expected to last for a continuous

15 period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or

16 her physical or mental impairment(s) are so severe as to preclude the claimant from doing not

17 only his or her previous work but also, any other work which exists in the national economy,

18 considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

19    The Commissioner has established a five-step sequential process for determining whether

20 a person is disabled.  20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S.

21 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is

22 engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is

23

1  denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the

2  claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

3         The second step requires the Commissioner to determine whether the claimant's

4  impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and

5  § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly

6  limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has

7  an impairment that is severe, the Commissioner proceeds to step three.

8         In the third step, the Commissioner looks at a number of specific impairments listed in

9  20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the

10  claimant's impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.

11  § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed

12  Impairments are severe enough to preclude any gainful activity, regardless of age, education or

13  work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or

14  equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively

15  presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's

16  impairment is severe, but does not meet or equal one of the Listed Impairments, the

17  Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

18         At step four, the Commissioner determines whether the claimant can still perform "past

19  relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past

20  relevant work is that which a claimant performed in the last 15 years, which lasted long enough

21  for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and

22  § 416.920(a).

23

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and  416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the

4

testimony of a vocational expert (VE) or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 522-23 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the

reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740

F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said,

"a decision supported by substantial evidence will still be set aside if the ALJ did not apply

proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th

Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will

"review only the reasons provided by the ALJ in the disability determination and may not affirm

the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v.

Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since

September 12, 2019 (the date of the application). (AR 17.)

At step two, the ALJ concluded Plaintiff had the following severe impairments:

degenerative disc disease, lumbar spinal stenosis, and arthritis. (AR 18.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the Listed Impairments. (AR

20.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform the full range of

sedentary work as defined in 20 C.F.R. § 416.967(a). (AR 21.)

The ALJ then concluded Plaintiff had no past relevant work. (AR 25.)

At step five, the ALJ determined that considering Plaintiff's age, education, work

experience, and RFC, there are jobs that exist in significant numbers in the national economy

1  that Plaintiff can perform based on Medical-Vocational Rule 201.27. As a result, the ALJ found

2  Plaintiff not disabled since September 12, 2019. (AR 25-26).

3  **B. Medical Opinion Evidence**

4       Plaintiff underwent a consultative examination with Melissa Miller, D.O., on October 24,

5  2020. Dr. Miller opined that Plaintiff could lift and/or carry 20 pounds occasionally and 10

6  pounds frequently; she could stand and/or walk at least two hours in an eight-hour workday; she

7  could sit for six hours or more in an eight-hour workday, alternating between sitting and standing

8  (but standard breaks and lunch period would provide sufficient relief); she could occasionally

9  climb ramps/stairs, ladders/scaffolds, balance, stoop/bend, kneel, and crawl, but could never

10  crouch or squat; and she did not need an assistive device. (AR 454-464.)

11       The ALJ discussed Dr. Miller's findings, and found them persuasive because they were

12  adequately supported by the one-time exam that was consistent with the other evidence in the

13  record. (AR 24-25.) The ALJ's RFC assessed Plaintiff as being able to perform a full range of

14  sedentary work, with no mention of Dr. Miller's postural limitations.

15       Plaintiff argues the ALJ erred when he found Dr. Miller's opinion persuasive, but he did

16  not incorporate the postural limitations and provided no explanation for doing so, and then found

17  Plaintiff could perform a full range of sedentary work.

18       Even if the ALJ erred in failing to explain why he rejected Dr. Miller's postural

19  limitations, the court finds the error was harmless. In *Stubbs-Danielson v. Astrue*, 539 F.3d 1169

20  (9th Cir. 2008), a medical opinion limited the claimant to only occasional balancing, stooping,

21  and climbing of ramps and stairs, but these postural limitations were not incorporated into the

22  ALJ's RFC for sedentary work. *Stubbs-Danielson*, 539 F.3d at 1174. The Ninth Circuit

23  concluded that to the extent the ALJ erred in failing to include the postural limitations, "any error

was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or climbing." *Id*. (citing Social Security Ruling (SSR) 96-8P, 1996 WL 374185, at *8 (1996)).

"Postural limitations or restrictions related to such activities as climbing ladders, ropes or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96-8P,  1996 WL 374185, at *7. "An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations" and, as such, would "only minimally erode the unskilled occupational base of sedentary work." *Id*. at *8.

While SSR 96-8P does not specifically mention "squatting," it does mention crouching, kneeling and crawling, and therefore, it is reasonable to assume that a limitation or restriction to squatting would similarly not erode the occupational base for a full range of unskilled sedentary work.

Accordingly, the ALJ's failure to include in the RFC Dr. Miller's limitations to occasional climbing ramps/stairs, ladders/scaffolds, balancing, stooping/bending, kneeling, and crawling and the restriction for crouching and squatting was harmless because they do not significantly erode the occupational base for a full range of unskilled sedentary work. Therefore, Plaintiff's motion should be denied, and the Acting Commissioner's motion should be granted insofar as Plaintiff argues the ALJ erred in this regard.

**C. Headaches**

Plaintiff argues the ALJ did not address Plaintiff's headaches at step two and state whether they are severe or not severe or even whether they are a medically determinable impairment. This is important, Plaintiff contends, because if a condition is deemed non-

1   medically determinable, the ALJ may ignore it, but an ALJ must assess all limitations arising

2   from medically determinable impairments, whether severe or not, in crafting the RFC.

3          The Acting Commissioner argues the ALJ did not find Plaintiff's headaches to be a

4   severe impairment at step two; however, later in the decision—in the RFC assessment—the ALJ

5   addressed Plaintiff's subjective reports of headaches and found she sought no significant

6   treatment.

7          The court finds that any failure by the ALJ to specifically classify Plaintiff's headaches as

8   severe or non-severe or medically determinable or non-medically determinable is harmless error.

9          As stated above, at step two, the ALJ found Plaintiff had the following severe

10  impairments: degenerative disc disease, lumbar spinal stenosis, and arthritis. (AR 18.) The ALJ

11  specifically commented that Plaintiff's enteritis, depression, and anxiety were not severe, but he

12  did not mention headaches in step two. (*Id.*) The ALJ did state that he considered *all* of

13  Plaintiff's medically determinable impairments, including those that are not severe, when

14  assessing Plaintiff's RFC. (*Id.*)

15         In assessing Plaintiff's RFC, the ALJ commented that he considered "*all symptoms* and

16  the extent to which these symptoms can reasonably be accepted as consistent with the objective

17  medical evidence and other evidence." (AR 21, emphasis added.) The ALJ then indicated that

18  Plaintiff alleged disability due to pelvic pain, back pain and hip pain, and she also testified that

19  she had migraines two to three times per week, for which she took medication as needed, but it

20  made her sleepy. (AR 21-22.)

21         Directly following this description, the ALJ concluded that "the claimant's *medically

22  determinable impairments* could reasonably be expected to cause the alleged symptoms;

23  however, the claimant's statements concerning the intensity, persistence and limiting effects of

9

these symptom are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 22, emphasis added.) The ALJ went on to state: "As for the claimant's statements about the intensity, persistence and limiting effects of his or her symptoms, they are inconsistent because physical exams revealed generally normal findings." (*Id*.) The ALJ specifically commented on Plaintiff's headaches: "There was one treatment note indicating that she had a headache, but little to no other mention of headaches in the period in question. [ ] She reportedly had seasonal allergies and headaches in August 2018, but no significant treatment for them." (AR 22.)

Taking into consideration the context of the ALJ's discussion, it is implied if not evident that the ALJ considered Plaintiff's headaches to be a medically determinable impairment. Moreover, the ALJ did specifically consider and then discounted Plaintiff's statements concerning the limiting effects of her headaches. The court likewise finds the ALJ's findings regarding Plaintiff's headaches are supported by substantial evidence. There is very limited reference to headaches in Plaintiff's medical records, and when they are referenced it is in a review of symptoms with no substantive discussion. Even when she endorsed having headaches in a review of symptoms, there was no assessment of a condition specifically related to her headaches, or any treatment recommended for the headaches. On many occasions, the records reflect that she denied having headaches. (*See* AR 293-94, 332, 344, 381, 384, 395, 412, 416, 424, 516-17, 961-63, 946, 998, 1006, 1019, 1028, 1051.) Moreover, her consultative exam with Dr. Miller does not mention headaches. Contrary to Plaintiff's argument, it is clear that the ALJ considered Plaintiff's medically determinable impairment of headaches in assessing Plaintiff's RFC.

1    Plaintiff is not arguing that the headache impairment must be found severe, but that the

2    ALJ erred in not classifying the headaches as severe or non-severe.

3    "Step two is merely a threshold determination meant to screen out weak claims." *Buck v.*

4    *Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citation omitted). "It is not meant to identify the

5    impairments that should be taken into account when determining the RFC." *Id*. "[I]n assessing

6    RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's

7    impairments, even those that are not 'severe.'" *Id*. at 1049 (citing SSR 96-8P, 1996 WL 374184,

8    at *5 (1996)). Here, even if the ALJ did not classify Plaintiff's headaches as severe or not severe

9    at step two, Plaintiff was found to have other severe impairments at step two, and the ALJ did

10   consider Plaintiff's headaches in the RFC assessment. Therefore, Plaintiff was not harmed by the

11   failure to classify the headaches as severe or non-severe at step two. *See id*.

12   Plaintiff's motion should be denied and the Acting Commissioner's motion should be

13   granted insofar as Plaintiff argues the ALJ erred in failing to classify her headaches as medically

14   determinable, severe or non-severe.

15   **IV. RECOMMENDATION**

16   IT IS HEREBY RECOMMENDED that the District Judge enter an order:

17   **DENYING** Plaintiff's motion to reverse and/or remand (ECF No. 16);

18   **GRANTING** the Commissioner's cross-motion (ECF No. 20); and

19   **ENTERING JUDGMENT** in the Acting Commissioner's favor.

20   The parties should be aware of the following:

21   1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

22   this Report and Recommendation within fourteen days of being served with a copy of the Report

23   and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 16, 2024

_____
Craig S. Denney
United States Magistrate Judge

12