UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHERRY WILKS,<br><br>                Plaintiff,<br>    v.<br>KILOLO KIJAKAZI,<br>Acting Commissioner of<br>Social Security Administration,<br><br>                Defendant. | Case No. 3:23-cv-00289-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney. (ECF No. 23.[1]) Judge Denney recommends that the Court deny Plaintiff Sherry Wilks' motion for reversal and/or remand (ECF No. 16), grant Defendant's cross motion to affirm (ECF No. 20) and enter judgment in favor of the Commissioner. (*Id.*) The Court has reviewed the parties' briefs (ECF Nos. 16, 20, 21, 22), the R&R (ECF No. 23), and the administrative record ("AR") (ECF No. 14). No objection to the R&R has been filed, and the time to do so has passed. For the following reasons, the Court is satisfied that Magistrate Judge Denney did not clearly err and adopts the R&R in full.

**II.   BACKGROUND**

Plaintiff applied for supplemental security income ("SSI") under Title XIV of the Social Security Act in September 2019, and alleged disability beginning on February 28, 2018. (ECF No. 23 at 1 (citing ECF No. 14-6.).) The Administrative Law Judge ("ALJ") of

---

[1] Defendant Kilolo Kijakazi, Acting Commissioner of Social Security Administration ("Commissioner") opposes (ECF No. 21) and moves to affirm the ALJ (ECF No. 20). Plaintiff filed a reply in support of her motion to remand and in opposition to the Commissioner's motion to affirm. (ECF No. 22.)

the Social Security Administration denied Plaintiff's initial application as well as Plaintiff's request for reconsideration. (*Id.* (citing ECF No. 14-5.).) Upon Plaintiff's request, the ALJ held a hearing, where Plaintiff, represented by counsel, testified on her own behalf. (*Id.* at 2 (citing ECF No. 14-3.)). The ALJ found that Plaintiff was not disabled. (*Id.*) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (*Id.*) Plaintiff then commenced this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the ALJ. (ECF No. 16.)

### III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to an R&R, the Court "need only satisfy itself that there is no clear error on the face of the record" in order to accept it. Fed. R. Civ. P. 72, Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). The "clearly erroneous" standard is deferential, requiring a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal citation omitted).

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *See id.* at 523 (internal citation omitted). "If the ALJ's finding is supported by

substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *See id.* (internal citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## IV.    DISCUSSION

Plaintiff contends that the ALJ failed to: (1) explain his rejection of persuasive medical opinion evidence; and (2) classify the impact of Plaintiff's headache impairment. (ECF No. 16.) The Court finds that Judge Denney did not clearly err in rejecting both arguments.

As Judge Denney points out in the R&R, Melissa Miller, D.O., completed a consultative examination of Plaintiff on October 24, 2020, and opined as to Plaintiff's postural limitations, including her opinion that Plaintiff could occasionally climb ramps, stairs, ladders, and scaffolds; occasionally balance, stoop, bend, kneel, and crawl; but could never crouch or squat. (ECF No. 23 at 7 (citing ECF No. 14-8 at 181-91.).) In its decision, the ALJ assessed Plaintiff's residual functional capacity ("RFC") as being able to perform a full range of sedentary work as defined in 20 CFR 416.967(a). (ECF No. 14-4 at 22-26.) When doing so, the ALJ discussed Dr. Miller's opinion and found it persuasive but, other than stating that "Dr. Miller's opinion supports the physical limitations," the ALJ did not mention Dr. Miller's postural limitation that Plaintiff could never crouch or squat in the exact same paragraph as Plaintiff's RFC assessment. (*Id.* at 25-26.)

"Postural limitations or restrictions related to such activities as climbing ladders, ropes or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." Social Security Ruling ("SSR") 96-8P, 1996 WL 374185, at *7 (1996). "An ability to stoop occasionally, i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations" and, as such, would "only minimally erode the unskilled occupational base of sedentary work."

3

*Id.* at *8. And in *Stubbs-Danielson v. Astrue*, the court addressed a similar circumstance in which an ALJ's assessment of the claimant's RFC for sedentary work did not incorporate postural limitations from a medical opinion limiting the claimant to occasional balancing, stooping, and climbing of ramps and stairs. *See* 539 F.3d 1169, 1174 (9th Cir. 2008). Importantly, the court relied upon SSR 96-8P to conclude that, to the extent the ALJ erred in failing to include the postural limitations, "any error was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or claiming." *Id.* (citing SSR 96-8P, 1996 WL 374185, at *8).

In the R&R, Judge Denney recognized that SSR 96-8P does not specifically mention "squatting," but he reasoned that, because SSR 96-8P mentions crouching, kneeling, and crawling, "a limitation or restriction to squatting would similarly not erode the occupational base for a full range of unskilled sedentary work." (ECF No. 23 at 8.) Judge Denney then determined that "the ALJ's failure to include in the RFC Dr. Miller's limitations to occasional climbing ramps/stairs, ladders/scaffolds, balancing, stooping/bending, kneeling, and crawling and the restriction for crouching and squatting was harmless because they do not significantly erode the occupational base for a full range of unskilled sedentary work." (ECF No. 23 at 8.)

Moving to Plaintiff's argument that the ALJ failed to classify the impact of Plaintiff's headache impairment, Judge Denney determined that "any failure by the ALJ to specifically classify Plaintiff's headaches as severe or non-severe or medically determinable or non-medically determinable is harmless error." (ECF No. 23 at 9.) When determining whether any of Plaintiff's impairments were severe, the ALJ specifically commented that Plaintiff's enteritis, depression, and anxiety were not severe. (ECF No. 14 at 19.) The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, lumber spinal stenosis, and arthritis. (*Id.*) The ALJ did not mention Plaintiff's headaches until assessing Plaintiff's RFC. (*Id.*) Importantly, the ALJ explained that, when assessing Plaintiff's RFC, he considered all of Plaintiff's medically determinable impairments, including those that were not severe. (*Id.*)

When accessing Plaintiff's RFC, the ALJ explained that he considered "all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.* at 22.) He then noted, in relevant part, that Plaintiff testified concerning migraines. (*Id.* at 22-23.) The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptom are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 22.) He further concluded that the symptom statements offered by Plaintiff were "inconsistent because physical exams revealed generally normal findings." (*Id.*) The ALJ specifically commented on Plaintiff's headaches stating, "There was one treatment note indicating that she had a headache, but little to no other mention of headaches in the period in question. [] She reportedly had seasonal allergies and headaches in August 2018, but no significant treatment for them." (*Id.*)

An ALJ's determination of whether any of the claimant's impairments are severe or non-severe or medically determinable or non-medically determinable "is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). "It is not meant to identify the impairments that should be taken into account when determining the RFC." *Id.* "[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe[.]'" *Id.* at 1049 (citing SSR 96-8P, 1996 WL 374184, at *5 (1996)).

In the R&R, Judge Denney recognized that Plaintiff does not argue that the ALJ must consider her headache impairment severe and, instead, merely argues that the ALJ erred when he did not specifically classify Plaintiff's headaches as severe or non-severe before discussing those headaches during Plaintiff's RFC assessment. (ECF No. 23 at 11.) Judge Denney then determined that "Plaintiff was not harmed by the failure to classify the headaches as severe or non severe" because, "even if the ALJ did not classify

5

Plaintiff's headaches as severe or not severe . . . , Plaintiff was found to have other severe impairments . . . , and the ALJ did consider Plaintiff's headaches in the RFC assessment. (*Id.*)

After carefully reviewing the R&R and the administrative record in the context of the clearly erroneous standard, the Court concludes that Judge Denney did not clearly err and adopts the R&R in full.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that United States Magistrate Judge Denney's Report and Recommendation (ECF No. 23) is accepted and adopted in full.

It is further ordered that Plaintiff's motion to remand (ECF No. 16) is denied and the Commissioner's cross motion to affirm (ECF No. 20) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE